THOS. S. ELLIS *v.* TRUSTEES OF RICHMOND.

**Municipal Corporations—Rescission of Order Opening Street.**
Where town trustees have appropriated property in the opening of a street, and have litigated the question of damages, the trustees have no power to rescind the order opening the street to the injury of the property owner.

**Municipal Corporations—Opening Street—Right of Action for Damages.**
A judgment or order in an action for mandamus, "that the motion for a mandamus as prayed is overruled," is not such a judgment as will bar the right of action to collect damages assessed in opening a street.

**Municipal Corporations—Opening Street—Right of Action for Damages.**
The fact that plaintiff was a trustee of the town where an order to open the street was made, does not affect his right to payment of damages sustained by opening the street, or give the trustees the right to take his land without compensation.

**Municipal Corporations—Requirement of Tax Levy to Pay Claim.**
Where in an action against a town for damages sustained by the opening of a street, the answer of the town disclosing that it has no property out of which the damages can be made, and that its treasury is empty, the court should require the trustees at their next annual assessment to levy a tax sufficient to pay the claim.

APPEAL FROM MADISON CIRCUIT COURT.

January 17, 1873.

OPINION BY JUDGE PRYOR:

The trustees were vested with the power to open new streets by the act approved January 18, 1868. They did open the street upon appellant's land, as appears from the record of their own proceedings, and the appellant at the time being himself a member of the

board of trustees, agreed to postpone his right to any payment for damages sustained until the next succeeding assessment for taxes in the town. This on the part of the appellant and the directors to open the street was all embraced in one order. The street was opened and the damages to which appellant was entitled properly ascertained. The act under which they claimed the power to open the street authorized the county judge to empanel a jury to assess the damages. This was done by the county judge on the motion of the trustees, and a verdict was rendered awarding the appellant $916 in damages. Ellis had sold various lots bordering upon this street and it was the only mode of ingress and egress to and from the property. These lots were occupied and in the possession of his vendees. The trustees had no power to rescind the order opening this street so as to affect appellant after they had appropriated his property, and placed him in a condition where he must necessarily be subjected to great loss, in the event this right is conceded to the trustees. They had not only litigated the right of appellant to damages, but had, in fact, taken his property. He had the right to postpone the time of payment for these damages as long as he saw proper by the consent of those contracting with him. The town was not bound by this agreement not to demand the money prior to the opening of the street, and there is no rule of law or equity that authorizes such an entire disregard of the rights of a party as shown in this case towards the appellant by the trustees. If the damages were excessive, the same law authorizing them to open the street gave them the right of appeal to the circuit court, and having failed to do so, they must pay the appellant the damages he is entitled to, unless he is barred of his right to recover by reason of the dismissal of a former petition filed by him, to enforce this claim against the same parties. There is no pretense on the part of the trustee that these damages have ever been paid by them, or any of the city authorities; and the only defense made is that they had the power to rescind the order opening the street, and thereby avoid the verdict in favor of appellant for damages. The present petition not only alleges, but the order opening the street and by which Ellis agreed to indulge the town for the payment of his claim shows, that this money was to be collected out of the assessment for the year 1869 and it was not in the power of the appellant to coerce it sooner, as by his consent of record he had given this in-

dulgence. It is also alleged that the petition in 1868 was prematurely brought, and that on this account the motion for a mandamus was overruled and it is manifest that no trial was had upon the merits. The judgment, or rather order, in the original action *"That the motion for a mandamus as prayed is overruled,"* is not in our opinion such a judgment as will bar the right of appellant to collect the amount of damages assessed.

The attempt to coerce the money in 1868 was a premature proceding and was properly dismissed. The fact that Ellis was a trustee at the time the order to open the street was made, does not preclude him from his right to demand payment of the corporation, or give to the trustee the right to take from him his land without compensation.

The answer of the appellees discloses the fact that the corporation has no property out of which the damages can be made and also that its treasury is empty. The court below therefore should require the trustees at their next annual assessment as for taxation to levy a tax sufficient to pay appellant's claim, with interest from the date of the assessment made in 1869. The judgment is reversed and cause remanded for further proceedings consistent with this opinion. *Duncan, etc., Trustee, v. City of Louisville,* 8 Bush 99.

*Burnam, for appellant.*

*Turner, Smith, for appellee.*